IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTHUR T. CONNER,

                                                                                  OPINION AND ORDER

                    Plaintiff,

                                                                                   21-cv-486-bbc

     v.

TERESA NEHLS AND UNITED STATES,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff and federal prisoner Arthur Conner alleges that defendant Teresa Nehls, a nurse at the Federal Correctional Institution in Oxford, Wisconsin, failed to take reasonable steps to ensure that he received a surgical consultation to remove a mass on the back of his skull.  He is proceeding on an Eighth Amendment claim against Nehls under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and a Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, claim against the United States based on alleged negligent actions by Nehls.

      Now before the court is defendants' motion to dismiss the FTCA claim on the grounds that (1) plaintiff has not yet exhausted his administrative remedies, and (2) plaintiff's claim is barred by the statute of limitations. Dkt. #24.  For the reasons explained below, the motion will be granted.

OPINION

A. Exhaustion

Plaintiff concedes that he has not yet exhausted his FTCA claim. Dkt. #28, at 18. He filed his administrative form, standard form 95, with the Bureau of Prisons on December 27, 2021. Under 28 U.S.C. § 2675, the Bureau of Prisons has six months to investigate and resolve an FTCA claim. The six months has not yet passed, and the Bureau of Prisons has not issued a decision on plaintiff's claim, so plaintiff's claim is not exhausted. Khan v. United States, 808 F.3d 1169, 1172 (7th Cir. 2015) (plaintiff cannot bring FTCA claim until administrative claim is denied). Plaintiff asks the court to stay his FTCA claim until the Bureau issues a final decision on his claim, but the court cannot do so. A plaintiff must exhaust his administrative remedies under the FTCA *before* filing suit, not while the lawsuit is pending. McNeil v. United States, 508 U.S. 106, 109 (1993) (holding that district court properly dismissed FTCA claim that was filed before plaintiff had exhausted administrative remedies, even though plaintiff accomplished exhaustion while the suit was pending). Therefore, plaintiff's FTCA claim must be dismissed.

Generally, a dismissal for failure to exhaust administrative remedies is without prejudice. Burrell v. Powers, 431 F.3d 282, 285 (7th Cir. 2005). However, I agree with defendants that the dismissal should be with prejudice in this case because, even if plaintiff had exhausted his FTCA claim, the claim would be barred by the applicable statute of limitations.

Case: 3:21-cv-00486-bbc   Document #: 34   Filed: 05/25/22   Page 3 of 5

B.  Statute of Limitations

The Wisconsin statutes of limitations applies to plaintiff's FTCA claim because the FTCA expressly incorporates state substantive law, Augutis v. United States, 732 F.3d 749, 754 (7th Cir. 2013), and Wisconsin's statute of limitations is substantive. Wenke v. Gehl Co., 2004 WI 103, ¶ 55, 274 Wis. 2d 220, 258, 682 N.W.2d 405, 424 ("Under Wisconsin law, statutes of limitation [are viewed as] substantive statutes because they create and destroy rights.") (citation omitted). See also Grover v. Holmgren, No. 20-CV-1137-BBC, 2021 WL 2580572, at *1 (W.D. Wis. June 23, 2021) (Wisconsin statute of limitations applies to FTCA claims concerning matters that occurred in this state).

The Wisconsin statute of limitations for medical malpractice claims is three years, Wis. Stat. § 893.55(1m), and so is the statute of limitations for personal injury claims, Wis. Stat. § 893.54.  Plaintiff's FTCA claim is based on defendant Nehls's alleged failure to provide him medical care for a soft tissue mass on the back of his skull in June 2016.  He filed his complaint in this court on August 2, 2021, after the three-year statute of limitations had expired.

Plaintiff argues that the statute of limitations did not begin running until December 2019, when an ultrasound confirmed that he had a soft tissue mass and he was scheduled for surgery.  He argues that he did not know until December 2019 the extent of his medical problem and how it should be treated.  However, an FTCA claim accrues "when a reasonable person in the plaintiff's position would have discovered that he has been injured by an act or omission attributable to the government." Arroyo v. United States, 656 F.3d 663, 668

(7th Cir. 2011). See also Massey v. United States, 312 F.3d 272, 276 (7th Cir. 2002) ("claim under the FTCA accrues when the plaintiff knows both the existence and cause of his injury, and not at a later time when he also knows that the acts inflicting the injury may constitute" a legal claim). In addition, "[t]he statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later." Goodhand v. United States, 40 F.3d 209, 212 (7th Cir. 1994).

In this instance, plaintiff alleged in his complaint that he knew about the mass on his skull as early as 2014. Plaintiff complained that the mass was causing him migraine headaches in 2015. In June 2016, plaintiff complained to Nehls about the mass and asked her to refer him to a surgeon. However, Nehls refused to refer plaintiff to a surgeon, despite his reporting to her that he was in pain. Based on plaintiff's own allegations, he knew that he had a painful mass in June 2016 and he knew that Nehls would not provide him pain medication or surgery. Thus, he knew of the existence of his injury and his claim against Nehls in June 2016. Because plaintiff's FTCA claim accrued in June 2016, he had until June 2019 to bring his FTCA claim in federal court. Any FTCA claim that he filed now based on Nehls's June 2016 actions would be untimely.

ORDER

IT IS ORDERED that defendant United States' motion to dismiss plaintiff Arthur Conner's Federal Tort Claims Act claim, dkt. #24, is GRANTED, and plaintiff's Federal Tort Claims Act claim is DISMISSED with prejudice.

Entered this 25th day of May, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge