IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ARTHUR T. CONNER,

                                                         OPINION AND ORDER

                Plaintiff,

                                                         21-cv-486-bbc

    v.

TERESA NEHLS AND UNITED STATES,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff and federal prisoner Arthur Conner alleges that defendant Teresa Nehls, a nurse at the Federal Correctional Institution in Oxford, Wisconsin, failed to take reasonable steps to ensure that he received a surgical consultation to remove a mass on the back of his skull. He was initially granted leave to proceed on an Eighth Amendment claim against Nehls under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), and a Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, claim against the United States based on alleged negligent actions by Nehls. On May 25, 2022, I entered an order dismissing the FTCA claim, finding the claim barred by Wisconsin's statute of limitations. Dkt. #34. Defendant Nehls now moves to dismiss the Eighth Amendment Bivens claim against her. Dkt. #35. Plaintiff has not opposed the motion. Because I agree that the FTCA's judgment bars plaintiff's claim against Nehls, the motion will be granted.

1

OPINION

The Federal Tort Claims Act provides that once there has been a judgment on the merits of an FTCA claim, "any action by the [plaintiff], by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim," is precluded. 28 U.S.C. § 2676. Here, there is no dispute that plaintiff's Bivens claim against Nehls is "of the same subject matter" as his FTCA claim against the United States. There is also no dispute that this court entered a judgment "on the merits" of the FTCA claim when it found the claim barred because plaintiff had filed it after Wisconsin's three-year statute of limitations had run. Brownback v. King, 141 S. Ct. 740, 748 (2021) ("'If the judgment determines that the plaintiff has no cause of action' based 'on rules of substantive law,' then 'it is on the merits.'")(quoting Restatement of Judgments § 49, Comment a, p. 193 (1942)). As I noted in the May 25 order, Wisconsin's statute of limitations is substantive. Wenke v. Gehl Co., 2004 WI 103, ¶ 55, 274 Wis. 2d 220, 258, 682 N.W.2d 405, 424 ("Under Wisconsin law, statutes of limitation [are viewed as] substantive statutes because they create and destroy rights.") (citation omitted). See also Grover v. Holmgren, No. 20-CV-1137-BBC, 2021 WL 2580572, at *1 (W.D. Wis. June 23, 2021) (Wisconsin statute of limitations applies to FTCA claims concerning matters that occurred in this state). Finally, dismissing an FTCA claim with prejudice under Rule 12(b)(6) is a judgment on the merits even when, as here, the dismissal occurs in the same case in which the Bivens claim is pending. Brownback, 141 S. Ct. at 749. Accordingly, the dismissal triggered the FTCA's judgment bar with respect to plaintiff's Eighth Amendment

Bivens claim against Nehls based on the same subject matter. As a result, plaintiff's Bivens claim must be dismissed.

ORDER

IT IS ORDERED that defendant Teresa Nehls' motion to dismiss plaintiff Arthur Conner's Bivens claim, dkt. #35, is GRANTED, and plaintiff's Bivens claim is DISMISSED with prejudice. The clerk of court is directed to enter judgment for defendants and close this case.

Entered this 22d day of August, 2022.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge